### WELSBACH LIGHT CO. v. MAYHEW.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

CONTRACTS—GOODS SOLD—CONFLICTING EVIDENCE—QUESTION FOR JURY.
 In an action to recover for goods sold, where defendant denies the receipt of the goods, and the evidence whether the goods were ever purchased by and delivered to defendant is conflicting, a verdict for plaintiff should not be directed by the court, but it should be left to the jury.

Appeal from trial term, Saratoga county.

Action by the Welsbach Light Company against Charles L. Mayhew to recover for goods sold. From a judgment in favor of plaintiff entered on a verdict directed by the court, defendant appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and SMITH, JJ.

T. F. Hamilton, for appellant.
A. W. Shepherd, for respondent.

PARKER, P. J. The complaint in this action charges that the defendant purchased of the plaintiff goods amounting, at an agreed price, to the sum of $525.40; that he had paid thereon the sum of $281.15; and that there was still due and owing a balance of $244.25, for which it demands judgment, with costs. The answer, in addition to the defense that such goods were sold under a special contract that had been violated by the plaintiff, contains a general denial of all averments in the complaint not expressly admitted. It is nowhere admitted that goods to the amount claimed in the complaint had been sold or delivered to the defendant, or that the amount for which credit was therein allowed was the correct amount that had been paid. On the trial the only evidence to establish the amount of goods sold the defendant, and the credits to be allowed thereon, was the testimony of the plaintiff's counsel to the effect that he presented a bill to the defendant, containing charges upon certain specified dates amounting to the sum of $525.40, and credits of payments made upon certain specified dates amounting to $281.15, and claimed from him the balance on behalf of the plaintiff; that the defendant then stated that the bill was correct, and that the balance shown thereon was correct, but that he would not pay it, because

the plaintiff had not treated him right,—that they had sold to others in the territory during the life of his contract. In response to this the defendant put in evidence the contract under which the goods were purchased, and which he claimed had been broken by the plaintiff to his damage, and was himself sworn as to what reply he made when the bill was presented to him as above stated. He testified that he then told the plaintiff's counsel that the bill was not right, and that he would not pay it; also that "it [meaning the balance] was not what the bill was." He also further testified that the item therein charged as of July 20th, for 200 burners ($210), he thought was never received. He would not, however, swear positively that it was not. He further testified that in August or September, which was after the last item, of July 24th, charged against him in the bill presented, he received a statement from the plaintiff, in which, as I understand the record, the balance against him was only $135; that in response to that he sent it a check of $125 (which is credited him in the bill presented as of August 24th), and wrote that he would pay the balance on September 1st; that he then understood the balance was some $10 only. Such statement, however, was lost, and he was unable to produce it at the trial. He also testified that the credits given him on the bill presented were all correct, except a payment of $25 made to the plaintiff's general agent in Saratoga. In response to his doubts as to the item of July 20th, the plaintiff proved that on July 26th two cases of "valve globes" consigned to the defendant on July 20th from Gloucester, Pa., where the plaintiff conducted its business, were received at Saratoga by the railroad company, and delivered to Tooley, a cartman who was in the habit of hauling the defendant's freight; and Tooley testified that he signed for such packages on the railroad company's book, and was authorized to receive all such goods for the defendant. He could not remember particularly the receipt or delivery of those goods. It is to be noticed that those goods are "two cases of globe valves." Two hundred "burners," which was the item for which the bill charged as of July 20th, would come packed in four boxes, each box 14 inches square and 2 feet long, weighing about 75 pounds each. Although the defendant asked to go to the jury on the question whether the goods set forth in the complaint were sold and delivered to the defendant, the trial court directed a verdict for the plaintiff for the sum of $245.53. The question presented is whether the defendant was not entitled to have the jury pass upon the issue so presented.

It is a well-settled rule that if there is no evidence upon an issue before the jury, or the weight of evidence is so decidedly preponderating in favor of one side that a verdict contrary to it would be set aside, it is the duty of the trial judge to nonsuit or to direct the verdict, as the case may require. Linkauf v. Lombard, 137 N. Y. 417–426, 33 N. E. 472. Applying such rule to this case, we are called upon to decide whether we would have set the verdict aside had the jury found for the defendant upon the evidence above referred to. The testimony of the defendant is not very clear or satisfactory. There is a decided air of suspicion about it. Yet, if it be true that he received a statement in August showing a balance of only $135,

it is quite doubtful whether the plaintiff ought to receive the amount which this verdict gives it. Whether his evidence as to the receipt of such a statement is perjury or not ought, I think, to be determined by a jury. It is manifest that the trial judge did not pass upon the weight of this evidence. His ruling was based upon the theory that the purchase and receipt of all the goods claimed were admitted in the pleadings, and that the denial went only to the "indebtedness" for the same. Evidently his attention was not called to the distinct denial which is contained in the latter part of the defendant's answer. The issue as to whether the goods claimed for were ever purchased by and delivered to the defendant is squarely raised by the pleadings, and I am of the opinion that the evidence upon that issue is so conflicting that it should have been left to the jury to determine it.

As to the rulings upon the evidence offered tending to show that the plaintiff had violated its contract, I find no error in them. Certainly, if all that was offered had been admitted, it would not show that the plaintiff had knowingly furnished lights to any person after it was made known to it that such person was sending the lights into the defendant's territory. Nor was there any offer to show any such fact in connection with the evidence of notice that was offered. But, for the refusal to send to the jury the question whether the plaintiff had ever sold and delivered the amount of goods for which it has obtained judgment, I conclude that a new trial must be had.

Judgment reversed, and a new trial granted upon the law and the facts; costs to abide the event. All concur.